IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALBERT KAHOOPII, JR.; DALE HOOPAI; MATTHEW KAHOOPII; SHELDON KAHOOPII, <br><br> Plaintiffs, <br><br> vs. <br><br> KIRA KAWAKAMI; LLOYD WORKMAN; HSBC BANK USA, <br><br> Defendants. | Civ. No. 24-00477 HG-KJM |

**ORDER REMANDING CASE**

On November 6, 2024, Albert Kahoopii, Jr., Dale Hoopai, Matthew Kahoopii, and Sheldon Kahoopii, referring to themselves as "Plaintiffs", proceeding pro se, attempted to remove a pending state court action, <u>In the Matter of the Estate of Albert Kanekekili Kahoopii</u>, P. No. 3CLP-24-0000280, from the Circuit Court of the Third Circuit, State of Hawaii. (ECF No. 1). The Hawaii State Court action stems from a Petition to Appoint a Special Administrator in a foreclosure action involving the Estate of Albert Kanekekili Kahoopii.

On the same date, Plaintiffs filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2).

This action is summarily **REMANDED** to the Circuit Court of the Third Circuit, State of Hawaii.

Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED AS MOOT.**

1

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and federal statutes.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

Removal statutes are strictly construed and a party seeking removal has the burden to establish that removal is proper.  Hawaii ex rel. Louis v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014).  Any doubt as to the propriety of removal is resolved against removability.  Id.

**ANALYSIS**

On November 6, 2024, Albert Kahoopii, Jr., Dale Hoopai, Matthew Kahoopii, and Sheldon Kahoopii, referring to themselves as "Plaintiffs", proceeding pro se, attempted to remove a pending state court action, In the Matter of the Estate of Albert Kanekekili Kahoopii, P. No. 3CLP-24-0000280, from the Circuit Court of the Third Circuit, State of Hawaii.  (ECF No. 1).  The Hawaii State Court matter stems from a Petition to Appoint a Special Administrator in a foreclosure action involving the Estate of Albert Kanekekili Kahoopii.

The Court lacks subject-matter jurisdiction over the Hawaii state court action.  Removal to federal court is not possible.

There is no basis for removal based on a federal question.  There are no federal questions presented in the Hawaii state

court foreclosure action or the Petition for Appointment of Special Administrator in the Matter of the Estate of Albert Kanekekili Kahoopii in P. No. 3CLP-24-0000280. (Petition and Order Setting Hearing, attached as Ex. 1 to Notice of Removal, ECF No. 1-1).

Subject-matter jurisdiction based on a federal question cannot be based on a defense or claim raised by a defendant, but it must "be disclosed on the face of the complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009).

There is no basis for removal based on diversity jurisdiction. The Notice of Removal demonstrates that Albert Kahoopii, Jr., Dale Hoopai, Matthew Kahoopii, and Sheldon Kahoopii are citizens of the State of Hawaii for purposes of diversity jurisdiction. The forum-defendant rule provides that a party who is a citizen of the State in which the action was brought is precluded from removing the action to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2); see Trotta v. URS Fed. Srvs., Inc., 532 F.Supp.3d 985, 989 (D. Haw. 2021).

Albert Kahoopii, Jr., Dale Hoopai, Matthew Kahoopii, and Sheldon Kahoopii's arguments that they are citizens of a foreign sovereign they identify as the "Kingdom of Hawaii" are foreclosed and without merit. See United States v. Lorenzo, 995 F.2d 1448, 1458 (9th Cir. 1993); Continental Pacific, LLC v. DuBuclet, 2022 WL 2056408, *4 (D. Haw. May 11, 2022) (explaining that the

3

defendant is a citizen of the State of Hawaii for purposes of diversity jurisdiction because the Kingdom of Hawaii does not exist and is not recognized as a separate sovereign).

There also is not complete diversity between the Parties because Defendant Kira Kawakami is a citizen of the State of Hawaii based on the Notice of Removal.

Plaintiffs' Notice of Removal (ECF No. 1) is wholly frivolous.  There is no basis for removal that would provide the United States District Court for the District of Hawaii with subject-matter jurisdiction over the Hawaii State Court action in P. No. 3CLP-24-0000280.

## CONCLUSION

The case is **REMANDED** to the Circuit Court of the Third Circuit, State of Hawaii for further proceedings.

The Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) is **DENIED AS MOOT.**

The Clerk of Court is directed to immediately transfer this case and all files herein to the Circuit Court of the Third Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: November 7, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Albert Kahoopii, Jr.; Dale Hoopai; Matthew Kahoopii; Sheldon Kahoopii v. Kira Kawakami; Lloyd Workman; HSBC Bank USA, Civ. No. 24-00477 HG-KJM; **ORDER REMANDING CASE**